

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 26, 2021**

_____
**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SSA RETAIL MANAGEMENT LLC** | § | **Case No.  20-32025** |
| **d/b/a ALE TACO, et al.** | § | **Chapter 11 (V)** |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING DEBTORS' AMENDED
SUBCHAPTER V PLAN OF REORGANIZATION**

---

Commencing on February 8, 2021, the Bankruptcy Court held a hearing (the "Confirmation

Hearing") to consider confirmation of *Debtors' Amended Subchapter V Plan of Reorganization*

---

(the "Plan")[1] filed by SSA Retail Management LLC d/b/a Ale Taco ("SSA") and Sarabjeet Kaur ("Ms. Kaur," together with SSA, the "Debtors").

On November 30, 2020, the Debtors filed their joint Plan [Dkt. 85].

In support of confirmation of the Plan, the Debtors filed, among other things, their *Tabulation of Ballots in connection with Debtors' Amended Chapter 11 Plan of Reorganization* and the supporting *Affidavit of Jamie Kirk in Connection with the Solicitation and Tabulation of Votes and Ballots Received* [Dkt. 112] (as supplemented, amended or modified, the "Voting Declaration").

Based upon the Bankruptcy Court's consideration of, among other things, (i) the Plan, as modified by the Modifications discussed below, (ii) the Voting Declaration, (iii) exhibits admitted into evidence and testimony adduced at the Confirmation Hearing, (iv) representations and arguments of counsel at the Confirmation Hearing, (v) the docket of the Bankruptcy Case, and (vi) other relevant factors affecting this Bankruptcy Case, the Bankruptcy Court makes the following findings of fact and conclusions of law, and issues these *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Amended Chapter 11 Plan* of *Reorganization* (this "Confirmation Order"):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction and Venue

A.     Jurisdiction; Venue; Core Proceeding.  The Bankruptcy Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in the Bankruptcy Court is proper under 28 U.S.C. §§ 1408 and 1409.  The Debtors were and are qualified to be the debtor under Bankruptcy Code § 109. This matter constitutes a core proceeding under 28 U.S.C.

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Plan.

§ 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**Notice, Solicitation and Acceptance**

B.  Service of Solicitation Materials and Notices.  All appropriate pleadings, notices, and ballots were transmitted, mailed, and served to the extent required by the Disclosure Statement Order and Bankruptcy Rule 3017(d). The Debtors timely and properly served: the holders of Claims in Classes 1-7 the following: (a) the Plan; (d) the Notice of Confirmation Hearing; (e) as applicable, either a Ballot or a Notice of Non-Voting Status setting forth (i) the subject Creditor's or Interest holder's classification, (ii) the deadline to object to confirmation of the Plan, and (iii) the date of the Confirmation Hearing as originally set, and (f) a cover letter notifying creditors of the voting deadline, the objection deadline, and the Confirmation Hearing; and (g) a self-addressed return envelope, if applicable.

C.  Adequate Notice of Assumption Notices/Rejection of Contracts.  In addition to the Solicitation Package, on November 30, 2020, the Debtors also timely and properly served all counterparties of the Debtors' executory contracts and unexpired leases listed on **Exhibit A** to the Plan (collectively, the "Assumed Contracts") *Assumed Executory Contracts and Leases* and an exhibit thereto (collectively, the "Assumption Notice") listing all of the Assumed Contracts that the Debtors are seeking to assume pursuant to Section 365 of the Bankruptcy Code in addition to the maximum amount, if any, that will be paid to cure all defaults and arrearages under such Assumed Contract (the "Cure Amount") in accordance with the Plan. The Assumption Notice provided all counterparties of the Debtors' Assumed Contracts listed on **Exhibit A** to the Plan with notice of the Debtors' intent to assume such Assumed Contract, the proposed Cure Amount, and

the deadline to object to either the proposed assumption of an Assumed Contract or the Cure Amount.

D.      <u>Adequate Notice of Confirmation Hearing.</u>   In accordance with Bankruptcy Rules 2002, 3018, 3019, 6004, 6006, 9007 and 9014, N.D. TEX. L.B.R. 2002-1, 3018-1, and 9014-1, adequate notice of the time for filing objections to confirmation of the Plan and the authorizations and transfers contemplated thereby and adequate notice of the Confirmation Hearing was provided to all holders of Claims and Interests, and other parties in interest entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules. No other or further notice of the Confirmation Hearing or confirmation of the Plan is necessary or required.

E.      <u>Good Faith Solicitation (11 U.S.C. § 1125(e)).</u>   Based on the record, Ms. Kaur, and Debtor SSA Retail and each of their directors, officers, employees, managers, members, partners, agents, and professionals and their respective attorneys have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and applicable non-bankruptcy law in connection with all of their respective activities relating to (1) the solicitation of acceptances or rejections of the Plan, and (2) their participation in the other applicable activities described in Bankruptcy Code § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code § 1125, 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations. In addition, all procedures used to distribute the Solicitation Package to holders of Claims and Interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws and regulations. Therefore, Ms. Kaur, and Debtor SSA

Retail and each of their directors, officers, employees, managers, members, partners, agents, and professionals and their respective attorneys are entitled to the full protections afforded by Bankruptcy Code § 1125(e).

### The Plan Satisfies §§ 1129, 1191, and Subchapter V of the Bankruptcy Code

F.     <u>The Debtors have satisfied their burden of proof.</u>  A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence.  Here, the Debtors have satisfied their burden of proof with respect to confirmation of the Plan.

G.     As set forth in detail below, the Plan fully complies with the applicable provisions of §§ 1129, 1191, and Subchapter V of the Bankruptcy Code, based upon (i) the Plan; (ii) the events that have occurred throughout the Debtors' chapter 11 Case; (iii) various orders entered by the Court during this Case and (iv) the requirements of the Bankruptcy Code, including §§ 1129 and 1191.

H.     <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).</u>  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).  Congress enacted Bankruptcy Code § 1129(a)(1) to ensure that a plan complies with the Bankruptcy Code's provisions regarding classification of claims and interests (11 U.S.C. § 1122) and the contents of a plan of reorganization (11 U.S.C. § 1123).  These provisions are discussed in the following paragraphs.

I.     <u>Plan Compliance with Bankruptcy Code § 1122.</u>  The Plan complies with the classification requirements of the Bankruptcy Code.  Classification of claims and interests is governed by Bankruptcy Code § 1122, which provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**                                          **PAGE 5 OF 33**

interests of such class."[2]  This section does not require that claims or interests within a particular

class be identical, and a plan proponent has flexibility in classifying claims so long as the

proponent has some reasonable basis for the classification or the creditor agrees to it.

      J.      Under the Plan, the Claims or Interests within each Class are substantially similar

to the other Claims or Interests within that Class.  The Plan classifies Claims and Interests as

follows:

| **Class** | **Class Description** |
|---|---|
| Class 1 | Administrative Claims |
| Class 2 | Allowed Secured and Priority Claims of Taxing Authorities (SSA and Kaur) |
| Class 3 | Allowed Priority Claim of the IRS (SSA) |
| Class 4 | Secured Claim of Wallis Bank (SSA) |
| Class 5 | Secured Claim of Wells Fargo Bank, N.A. (Kaur) |
| Class 6 | Secured Claim of AmeriCredit/GM Financial (Kaur) |
| Class 7 | General Unsecured Claims |
| Class 8 | SSA Equity Interests |
| Class 9 | Debtor Kaur |

      K.      Valid business, legal, and factual reasons exist for the separate classification of

each of these Classes of Claims and Interests. There is no unfair discrimination or gerrymandering

between or among the holders of Claims and Interests.

      L.      All Claims and Interests within each Class under the Plan are substantially similar

and are afforded equal and reasonable treatment, or the claimant has agreed to the classification.

---

[2] 11 U.S.C. § 1122(a).

Accordingly, the classification of Claims and Interests under the Plan satisfies the requirements of Bankruptcy Code § 1122.

       M.      <u>The Plan Complies with Bankruptcy Code § 1123</u>. In accordance with Bankruptcy Code § 1123(a), the Plan: (1) designates Classes of Claims and Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies Classes of Claims and Interests that are not impaired under the Plan; (3) specifies the treatment of Classes of Claims and Interests that are impaired under the Plan; (4) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to less favorable treatment of their respective Claim or Interest; (5) provides for adequate means for the Plan's implementation; (6) (a) provides for the retention for new value as to Equity Interests held by the Debtors' equity holders, (b) all officers, managers, employees, and directors of the Debtors shall be retained to manage the Reorganized Debtors, and (i) to the extent necessary to reflect the transactions contemplated by the Plan and (ii) in conjunction with this Confirmation Order, to the extent necessary to comply with Bankruptcy Code § 1123(a)(6); and (7) is consistent with the interests of holders of Claims and Interests and with public policy with respect to the management of the Reorganized Debtors on and after the Effective Date. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of the Debtors estates. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1123(a) and (b).

       N.      <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. In accordance with Bankruptcy Code § 1129(a)(2), the Debtors have complied with the applicable provisions of the Bankruptcy Code. The Debtors are proper debtors under Bankruptcy Code § 1182. The Plan is in compliance with the sections applicable under Subchapter V as to § 1189

(who may file a plan), § 1122 (classification of claims or interests), §§ 1123 and 1190 (contents of plan), § 1126 (acceptance of plan), § 1193 (modification of plan), and §§ 1128, 1129, and 1191(confirmation of plan) and the Bankruptcy Rules (including Bankruptcy Rules 3013, 3016, 3017, 3018, and 3019). The Debtors complied with the Code as to the transmission of the ballots and all related documents and notices, and in soliciting and tabulating votes on the Plan.

O.      Votes to accept or reject the Plan were solicited by the Debtors and their respective members, partners, representatives, officers, directors, employees, advisors, attorneys and agents after the Court approved the adequacy of the Disclosure Statement pursuant to Bankruptcy Code § 1125(a).

P.      The Debtors and each of their members, officers, directors, managers, partners, employees, advisors, attorneys, and agents and their respective attorneys have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code § 1125 fairly, in good faith within the meaning of Bankruptcy Code § 1125(e), and in a manner consistent with the applicable provisions of the the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules, and regulations and are entitled to the protections afforded by Bankruptcy Code § 1125(e).

Q.      The Debtors and each of their members, officers, directors, managers, partners, employees, advisors, attorneys, and agents and their respective attorneys have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or

Distributions or payments made pursuant to the Plan, so long as such Distributions or payments are made consistent with and pursuant to the Plan.

R.      Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  In accordance with Bankruptcy Code § 1129(a)(3), the Debtors proposed the Plan in good faith and not by any means forbidden by law.  The treatment of holders of Claims and Interests contemplated by the Plan was negotiated at arm's length, without collusion, and in good faith.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of votes to accept or reject the Plan.

S.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  In accordance with Bankruptcy Code § 1129(a)(4), all payments and Distributions made or to be made by the Debtors or the Reorganized Debtors (as applicable) for services or for costs and expenses in, or in connection with, this Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, unless otherwise ordered by the Bankruptcy Court.

T.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtors have complied with Bankruptcy Code § 1129(a)(5).  The Persons that must be identified pursuant to Bankruptcy Code § 1129(a)(5) have been identified in the Plan.  The appointment of the officers and directors of the Reorganized Debtors as disclosed in the Plan is consistent with the interests of Claim and Equity Interest holders and with public policy, as applicable, thereby satisfying Bankruptcy Code § 1129(a)(5).

U.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  In accordance with Bankruptcy Code § 1129(a)(6), the Debtors re not subject to any governmental regulation of any rates.

V. **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).** Bankruptcy Code § 1129(a)(7), the "best interests of creditors test," requires that, with respect to each impaired class entitled to vote, each holder of a claim or interest in the class:

i.      has accepted the plan; or

ii.     will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of this title on such date.

W.      The evidence and liquidation analysis presented by the Debtors in connection with the Confirmation Hearing, and other evidence admitted at the Confirmation Hearing, establish that the requirements of Bankruptcy Code § 1129(a)(7) are satisfied by the Plan. In accordance with Bankruptcy Code § 1129(a)(7), with respect to Classes of impaired Claims or impaired Interests entitled to vote (*i.e.*, Classes 1 through 7), each holder of a Claim or Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors' estates were liquidated under chapter 7 of the Bankruptcy Code on such date.

X.      **Acceptance or Rejection of Certain Classes (11 U.S.C. § 1129(a)(8)).** Classes 1-7 are impaired, and as demonstrated by the Voting Declaration, Classes 4, 5, and 7 have accepted the Plan in accordance with Bankruptcy Code § 1126(c). No timely votes were cast in Classes 1, 2, 3, or 6.

Y.      **Treatment of Administrative, Priority, and Tax Claims (11 § U.S.C. § 1129(a)(9)).** The Plan's treatment of Claims of a kind specified in Bankruptcy Code §§ 507(a)(1) through (8) satisfies the requirements set forth in Bankruptcy Code § 1129(a)(9).

1.      Acceptance by Impaired Class (11 U.S.C. §§ 1129(a)(10) and 1191(a)). The evidence establishes, as discussed above, that, in accordance with Bankruptcy Code §§ 1129(a)(10 and 1191(a)), at least one Class of Claims (Class 4, 5, and 7) that is impaired under the Plan has voted to accept the Plan, without including acceptances of the Plan by any insider. Thus, the Plan complies with § 1129(a)(9) and Section 1191(a) of the Bankruptcy Code.

Z.      Feasibility (11 U.S.C. § 1129(a)(11)). The evidence presented at the Confirmation Hearing with respect to feasibility: (1) is persuasive, credible, and accurate as of the dates such analysis was prepared, presented, or proffered; (2) utilizes reasonable and appropriate methodologies and assumptions; (3) establishes that confirmation of the Plan is not likely to be followed by the need for further financial reorganization or liquidation of the Reorganized Debtors; and (4) establishes that the Debtors will have sufficient funds available from operations and deposit accounts to meet the obligations under the Plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

AA.     Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtors have paid or will pay on the Effective Date all chapter 11 statutory and operating fees, including Subchapter V Trustee fees required to be paid under Subchapter V during this Case and will file all required fee statements.

BB.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). In accordance with Bankruptcy Code § 1129(a)(13), the Plan does not alter retiree benefits to the extent any such benefits currently exist.

CC.     Section 1129(a)(14). The Debtors are not obligated to pay any domestic support obligations, and, as such, this section of the Bankruptcy Code does not apply.

DD. <u>Section 1129(a)(15)</u>. This case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

EE. <u>Section 1129(a)(16)</u>. Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

FF. <u>Other Provisions of 11 U.S.C. § 1129(a)</u>. The provisions of 11 U.S.C. §§ 1129(a)(14) and (a)(16) are not applicable to the Debtor SSA Retail.

GG. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)) as applicable under Subchapter V</u>. The Court finds that no votes were cast with respect to Classes 1-3 and 6. To the extent required under Subchapter V, Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 1-3 and 6 as required by Bankruptcy Code § 1129(b).

HH. <u>Class 4 - Allowed Secured Claim of Wallis Bank (SSA)</u>. The Plan is fair and equitable and, as modified and supplemented herein, does not discriminate unfairly as to Class 4 - Allowed Secured Claims of Wallis Bank (SSA). The Court finds that Wallis Bank has voted its ballot to accept the Plan. The Plan provides for payment of the Allowed Secured Claim of Wallis Bank in Class 4 via the terms set forth below. The treatment of Allowed Secured Claim of Wallis Bank in Class 4 is modified and supplemented as follows:

Wallis Bank's ("<u>Wallis Bank</u>") Allowed Secured Claim of $92,367.94 shall be paid through payment of the approximately $14,500.00 in segregated funds held by SSA. The remaining $77,867.94 of the Allowed Secured Claim is to be paid in equal monthly installments of $2,333.77 inclusive of interest at 5% per annum. The Reorganized Debtors may pay Wallis Bank's loan holder directly to ensure payment in full of any outstanding debt owed on the Collateral.

The first monthly payment will be due and payable on the first Business Day of the first month that is more than 30 days after the Effective Date and on the first Business Day of each respective month thereafter. To the extent that the Debtor misses any payment due to Wallis Bank on account of its Allowed Secured Claim as provided herein, Wallis Bank shall send written notice of such missed payment to the Debtor and its counsel, and the Debtor shall have five business days from the

date of its receipt of such notice to make such missed payment before a default may be deemed to have occurred hereunder.

Any perfected liens or security interests securing Wallis Bank's Allowed Secured Claim will be preserved and continued. Wallis Bank shall terminate its UCC-1 filing on any Collateral of the Debtor securing Wallis Bank's Allowed Secured Claim.

The written agreements by and between Wallis Bank and the Debtor will remain the same, except to the extent that the terms therein are modified by this Plan, and such agreements will be deemed to be modified to comport with this Plan. All defaults and events of default existing as of the Petition Date and as of the Effective Date shall be deemed cured and waived, and all amounts owed will be deaccelerated and paid in accordance with the terms of this Plan. Except as provided by this Plan, no default interest, late charges, or other penalties arising or accruing after the Petition Date shall be required to be paid to Wallis Bank, provided, however, that Wallis Bank shall be entitled to charge, collect, and receive late charges and other amounts provided by the written agreements between the Debtor and Wallis Bank in the event of the Debtor's failure to timely make a payment to Wallis Bank on its Allowed Secured Claim under this Plan after Confirmation.

Notwithstanding anything to the contrary contained herein, the Reorganized Debtor shall not be liable to Wallis Bank for any legal fees, costs, expenses or other charges Wallis Bank incurs from and after the Effective Date on account of its efforts to enforce any other guarantees previously delivered to Wallis Bank in connection with its Allowed Secured Claim.

Nothing herein shall prohibit the Reorganized Debtor from refinancing, selling, or otherwise disposing of the collateral at any time, provided that the remaining unpaid portion of Wallis Bank's Allowed Secured Claim shall be paid in full at such time. No prepayment penalty will be due with respect to any prepayment of Wallis Bank's Allowed Secured Claim.

II.     Class 5 - Allowed Secured Claim of Wells Fargo (Kaur).  The Plan is fair and equitable and, as modified and supplemented herein, does not discriminate unfairly as to Class 5 - Allowed Secured Claims of Wells Fargo (Kaur). Class 5 has been modified to reflect the Claim is impaired based in part on the arrearage Wells Fargo is owed. The Court finds that Wells Fargo has voted its ballot to accept the Plan. The Plan provides for payment of the Allowed Secured Claim

of Wells Fargo in Class 5 via the terms set forth below. The treatment of Allowed Secured Claim

of Wells Fargo in Class 5 is modified and supplemented as follows:

> Wells Fargo Bank, N.A. ("Wells Fargo") Allowed Secured Claim is $273,210.38, with pre-petition arrearages of $2,970.96, and a monthly mortgage payment of $2,353.62. The claim is secured by a Deed of Trust granting the holder of the aforementioned obligation a lien on the real property commonly known as 715 Marina Vista Drive, Lewisville, Texas 75056 (hereinafter the "Collateral"). The Collateral is the Debtor Kaur's primary residence and homestead.

> Pre-Petition Arrears: The pre-petition arrearages set forth in the POC consists solely of a projected escrow shortage in the amount of $2,970.96. Wells Fargo shall be permitted to recover the $2,970.96 pre-petition arrearage by adding a monthly shortage amount spread to the post-petition monthly mortgage payment.

> Post-Petition Mortgage Payments. Debtor Kaur was current on the payment of the monthly mortgage payment at the time of the filing of this bankruptcy proceeding. Debtor Kaur shall resume making monthly mortgage payments to Wells Fargo required by the terms of the Note and Deed of Trust and shall continue each month thereafter until maturity of the Note. Mortgage payments were $2,353.62 per month effective August 1, 2020. The monthly mortgage payment amount is subject to change pursuant to the terms of the Note and Deed of Trust and Debtor Kaur agrees to make such monthly payment as required by the note and deed of Trust.

> Survival of Lien: Notwithstanding anything in this Plan to the contrary, the lien granted to Wells Fargo shall survive entry of the order of confirmation and the subsequent discharge entered by the court. The discharge granted by Paragraph 10.01 of the Plan shall not impair or modify Wells Fargo's in rem lien rights in the Collateral.

> Subject to the repayment terms set forth above, all other terms of the Note and Deed of Trust are not modified by this Plan and those terms shall survive confirmation of the Plan. Paragraph 10.02 injunction set forth in the Plan shall not apply to Wells Fargo.

> Default: In the event of any monetary or non-monetary defaults under the terms of the Note and Deed of Trust, Wells Fargo shall be permitted to exercise all rights and remedies against the Collateral as set forth in the Note and Deed of Trust or as permitted under the laws of the State of Texas.

> Specific Terms of Treatment. The specific terms of the treatment of this claim set forth above shall control over any general terms set forth in the Plan.

JJ.     The Reorganized Debtors shall pay future ad valorem property taxes in the ordinary course of business. Any objection to the Taxing Authorities claims or administrative expense claims shall be filed no later than 90 days after the Effective Date. (the "Tax Authority Claim Objection Deadline").  Once the Tax Authority Claim Objection Deadline has passed, the Taxing Authorities' claims and administrative expense claims shall be deemed allowed.

KK.     Class 7 - Allowed General Unsecured Claims.  The Plan is fair and equitable and does not discriminate unfairly as to the Class 7 Allowed General Unsecured Claims. Members of Class 7 have accepted the Plan and those members hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class by creditor. No class junior to Class 7 Allowed General Unsecured Claims will receive any property under the Plan in violation of the absolute priority rule or without an infusion of new value in the form of a capital contribution. As such, Bankruptcy Code § 1129(b)(2)(C) is satisfied with respect to Class 7 Allowed General Unsecured Claims. Accordingly, the Plan may be confirmed as to Class 7.

LL.     Therefore, the Plan may be confirmed as to Classes 4, 5, and 7. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes of Claims and Interests, including, but not limited to, Classes 1, 2, 3, 4, 5, 6, and 7.

MM.     Only One Plan – 11 U.S.C. § 1129(c).  This case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

NN.     Principal Purpose (11 U.S.C. § 1129(d)).  No Person, including but not limited to the Securities and Exchange Commission or any other governmental authority, has requested that the Bankruptcy Court deny confirmation on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of section 5 of the 1933 Act.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act.

**Modifications to the Plan**

OO.     <u>Approval of Plan Modifications</u>. Debtors may modify a plan at any time before confirmation but may not modify the plan so that as modified it fails to meet the requirements of sections 1122 and 1123 of the Code, other than section 1123(a)(8) (modification of lien on principal residence). 11 U.S.C. § 1193(a). The plan as modified becomes the plan upon filing with the court.

PP.     <u>Modification Before Confirmation under Subchapter V.</u> Debtors may modify a plan at any time before confirmation but may not modify the plan so that as modified it fails to meet the requirements of §§ 1122 and 1123 of the Code, other than § 1123(a)(8) (modification of lien on principal residence). 11 U.S.C. § 1193(a). The plan as modified becomes the plan upon filing with the court.

QQ.     <u>Modification After Confirmation under Subchapter V.</u> Debtors may modify a plan that has been consensually confirmed under § 1191(a) at any time before the plan is substantially consummated. The plan as modified must meet the requirements of §§ 1122 and 1123 of the Code, other than section 1123(a)(8) (modification of lien on principal residence). The modified plan becomes the plan only if the court finds that circumstances warrant the modification and, after notice and a hearing, confirms the plan under §1191(a). 11 U.S.C. § 1193(b). Note that holders of claims or interests that have accepted or rejected a plan that was confirmed consensually under § 1191(a) are deemed to have similarly accepted or rejected the plan as modified unless, within the time fixed by the court, the holder changes its previous acceptance or rejection. 11 U.S.C. § 1193(d).

RR.     <u>Post-Confirmation under Subchapter V if Plan is Consensual.</u> If the Debtors' Plan is consensual, not later than 14 days after the Debtors' Plan is substantially consummated, the Debtors shall file a notice of substantial consummation and serve this notice on the Subchapter V

Trustee, the United States Trustee, and all parties in interest. 11 U.S.C. § 1183(c)(2). If the Subchapter V Trustee is holding funds upon confirmation, regardless of whether the Plan is consensual or non-consensual, the Subchapter V Trustee should distribute those funds in accordance with the plan. 11 U.S.C. § 1194(a). If the Plan is consensual, unless otherwise provided in the Plan or ordered by the Court, the Subchapter V Trustee's duties terminate with substantial consummation. 11 U.S.C. § 1183(c)(1). Subchapter V Trustee should promptly file their compensation and expense requests, pursuant to § 330 for case-by-case trustees or 28 U.S.C. § 586 for standing Subchapter V trustees and distribute any funds on hand in accordance with the Plan. In cases in which Subchapter V trustees made no distributions, the Subchapter V Trustee shall file a report of no distribution with the court in accordance with section 1183(b)(1), which incorporates section 704(a)(9). After review, the final report and account will be filed with the Court. 11 U.S.C. §§ 1183(b)(1); 704(a)(9).

### **Appeal of this Confirmation Order**

SS.      The reversal or modification on appeal of this Confirmation Order does not affect the validity of the authorizations and transfers contemplated under the Plan with respect to an entity that acquired property or an interest in property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorizations and transfers contemplated under the Plan are stayed pending appeal.

### **Conclusions/Exemptions**

TT.      <u>Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C. § 1146(a))</u>. The Bankruptcy Court finds and concludes that, in accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer pursuant to the Plan shall not be subject to any document recording tax, stamp tax,

conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

## **Authorizations and Transfers Pursuant to the Plan**

UU.     <u>Settlement and Releases.</u>  Pursuant to Bankruptcy Code §§ 363 and 1123 and Bankruptcy Rule 9019, and in consideration for the Distributions and payments and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims, Causes of Action and controversies that a holder of any Claim may have with respect to any Allowed Claim or any Distribution or payments to be made on account of such Allowed Claim.  The entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Causes of Action and controversies and the Bankruptcy Court's finding that such compromise or settlement (i) is in the best interests of the Debtors, their estates and the holders of such Claims, (ii) is fair, equitable, and reasonable, (iii) maximizes the value of the Debtors' estate, and (iv) is essential to the successful implementation of the Plan.

VV.     <u>Legal Binding Effect</u>.  The provisions of the Plan will bind all holders of Claims and Interests and their respective successors and assigns, whether or not they accept the Plan.

WW.     <u>Transfer and Vesting of the Assets in the Reorganized Debtors</u>.  The transferring and vesting of any Assets in the Reorganized Debtors free and clear of all Liens and Claims and all rights, title, and interest, except as expressly set forth in the Plan and this Confirmation Order, is reasonable, necessary, and in accordance with applicable state law and applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 363(b) and 1123(b)(3).

XX.     <u>Assumption and Assignment of Executory Contracts and Unexpired Leases</u>.  The assumption of the contracts listed on **<u>Exhibit A</u>** to the Plan (the "<u>Assumed Contracts</u>") is (i) a sound and reasonable exercise of the Debtors' business judgment, (ii) in the best interests of the

Debtors, their estate, holders of Claims, and Interests, and (iii) necessary for the implementation of the Plan. Any amounts on the list filed as an exhibit to the Assumption Notice and **Exhibit A** to the Plan are the maximum amounts necessary under Bankruptcy Code §§ 365(b)(1)(A) and (B) to cure all defaults under the Assumed Contracts and to pay all actual pecuniary losses to the respective counterparties to the Assumed Contracts resulting from all such defaults. Payment of such cure amounts will be made as set forth in the Plan.

YY.     Rejection of Executory Contracts and Unexpired Leases.     The rejection of executory contracts and unexpired leases pursuant to the Plan and this Confirmation Order is (i) a sound and reasonable exercise of the Debtors' business judgment, (ii) in the best interests of the Debtors, their estates, holders of Claims and Interests, and (iii) necessary for the implementation of the Plan.

ZZ.     Compliance with Bankruptcy Rule 3016.     In accordance with Bankruptcy Rule 3016(a), the Plan is dated and the Debtors that submitted it and filed it are appropriately identified.  The filing of the Disclosure Statement with the clerk of this Court satisfies Bankruptcy Rule 3016(b).

**The Reorganized Debtors Are Not Successors to the Debtors**

AAA.     Save and except for purposes of compliance with Bankruptcy Code § 1145, the Reorganized Debtors and their affiliates, successors, or assigns are not, as a result of actions taken in connection with the Plan, a successor to the Debtors or a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. The Reorganized Debtors shall be deemed to be a successor to the Debtors only for purposes of compliance with Bankruptcy Code § 1145 and for no other reason under any state or federal law.

**Miscellaneous Provisions**

BBB.     Best Interests of Persons.  Confirmation of the Plan is in the best interests of the Debtors, their estate, holders of Claims and Interests, and all other parties in interest.

CCC.     Findings of Fact and Conclusions of Law on the Record.  All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein by reference.  To the extent that any of the findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

## ORDER

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

1.     Confirmation of Plan.  The Plan is **APPROVED** and **CONFIRMED** under Bankruptcy Code § 1129.  Except as otherwise set forth in this Confirmation Order, the Plan is valid and enforceable pursuant to its terms, and the terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.     Objections Overruled.  All objections that have not been withdrawn, waived, or settled are **OVERRULED** on the merits.

3.     Authority.

a.     The Debtors and the Reorganized Debtors are authorized and empowered to take such actions and do all things as may be necessary or required to implement and effectuate the Plan and this Confirmation Order.

b.     The Debtors and the Reorganized Debtors and their respective directors, officers, partners, members, managers, trustees, agents, representatives, and attorneys, are authorized, empowered, and ordered to carry out all of the provisions of the Plan, to issue, execute, deliver, file and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan and this Confirmation Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents (collectively,

"Documents"), and to perform such other acts and execute and deliver such other Documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Confirmation Order and the transfers contemplated thereby and hereby, all without the requirement of further application to, or order of, the Bankruptcy Court or further action by the Debtors' directors, stockholders, managers, members, or other beneficiaries, and with the like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, managers, members, or other beneficiaries of such entities.

c.      The Debtors, the Reorganized Debtors, and their respective directors, officers, partners, members, managers, trustees, agents, representatives, and attorneys are further authorized, empowered, and ordered to enter into and, if applicable, cause to be filed with the Secretary of State or other applicable officials of any applicable governmental authority any and all amended or restated certificates or articles of incorporation, organization, or formation or amendments to limited liability company agreements, operating agreements, or regulations and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable Governmental Authorities with respect to compliance with Bankruptcy Code § 1123(a)(6).

d.      This Confirmation Order shall constitute all approvals and consents, if any, required by applicable state law, and all other applicable business organization, corporation, trust, and other laws of the applicable governmental authorities with respect to the implementation and consummation of the Plan and all actions authorized by this Confirmation Order.

e.      Any officers of the Debtors and the Reorganized Debtors are authorized to execute and perform, for and on behalf of the Debtors, any and all Documents and other instruments referred to in the foregoing clauses (b) and (c) and to certify or attest to any of the foregoing actions taken by the Debtors and Reorganized Debtors, respectively.  The execution of any such Document or instrument or the taking of any such action by any officer of the Debtors or the Reorganized Debtors shall be, and hereby is, deemed conclusive evidence of the authority of such action.

f.      As of the Effective Date, the Reorganized Debtors is hereby irrevocably appointed as the Debtors' attorney-in-fact (which appointment as attorney-in-fact shall be coupled with an interest), with full authority in the place and stead of the Debtors and in the name of the Debtors to take any action and to execute any instrument that the Reorganized Debtors, in the Reorganized Debtors' discretion, may deem to be necessary or advisable to convey, transfer, vest, perfect, and confirm title of the Assets, including without limitation to issue, execute, deliver, file, and record such contracts, instruments, releases, indentures, mortgages, deeds, bills of sale,

assignments, leases, or other agreements or documents, and to file any claims, to take any action, and to institute any proceedings that the Reorganized Debtors may deem necessary or desirable in furtherance thereof.

g. All amendments to the certificates of incorporation or formation, the articles of incorporation or organization, the operating agreements, or bylaws of the Debtors and all other corporate action on behalf of the Debtors as may be necessary to put into effect or carry out the terms and intent of the Plan, including, without limitation, any mergers, consolidations, or dissolutions of the Debtors, may be effected, exercised, and taken without further action by the Debtors' directors, officers, shareholders, partners, managers, and members with like effect as if effected, exercised, and taken by unanimous action of the directors, officers, managers, or members of the Debtors. The Reorganized Debtors, as authorized signatory of the Debtors, is authorized to execute any document, certificate or agreement necessary to effectuate any and all transactions contemplated under the Plan on behalf of the Debtors (including, without limitation, any mergers, consolidations or dissolutions of the Debtors), and file with the Secretary of State of any applicable state any articles or certifications of merger or dissolution or such other documents as may be necessary in order to effect such actions, which documents, certificates and agreements shall be binding on the Debtors, all holders of Claims, and all holders of Interests and, upon execution by the Reorganized Debtors as authorized herein, shall have the same force and effect as if approved by all requisite partners, members, managers or equity Interest holders of the Debtors.

4. <u>Free and Clear.</u> Except as otherwise provided in the Plan or this Confirmation Order, the Debtors, as the Reorganized Debtors, shall continue to exist on and after the Effective Date as a separate Person with all of the powers available to such legal entities under applicable law, without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) in accordance with applicable law and the Plan. Except as otherwise provided in the Plan, the property of the Debtors' estates that is not specifically disposed of pursuant to the Plan, if any, shall vest in the Reorganized Debtors on the Effective Date. As of the Effective Date, all property of the Reorganized Debtors, if any, shall be free and clear of all Claims, encumbrances, charges, and Liens except as specifically provided in the Plan or the Confirmation Order.

5.    <u>Valid Transfer.</u> As of the Effective Date, all Assets shall be transferred to, and vested in, the Reorganized Debtors free and clear of all Liens and Claims and all rights, title and interests, except as expressly set forth in this Plan.

6.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e)).</u>  Based on the record, the Debtors and each of their directors, officers, employees, managers, members, partners, agents, and professionals and their respective attorneys have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and applicable non-bankruptcy law in connection with all of their respective activities relating to (1) the solicitation of acceptances or rejections of the Plan, and (2) their participation in the other applicable activities described in Bankruptcy Code § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations.  In addition, all procedures used to distribute the Solicitation Package to holders of Claims and Interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws and regulations.  Therefore, the Debtors and each of their directors, officers, employees, managers, members, partners, agents, and professionals and their respectvie attorneys are entitled to the full protections afforded by Bankruptcy Code § 1125(e).

7.    <u>Settlements</u>.  Each settlement embodied in the Plan between the Debtors and holders of Claims and Interests is **APPROVED** in all respects.

8.     <u>Plan Classification Controlling</u>.   The terms of the Plan shall govern the classification of Claims and Interests for purposes of the Distributions and payments to be made thereunder.  The classifications set forth on the ballots tendered to or returned by the holders of Claims in connection with voting on the Plan: (a) were set forth on the ballots solely for purposes of voting to accept or to reject the Plan; and (b) shall not be binding on the Debtors except for voting purposes.

9.     <u>Preservation of Causes of Action</u>.  The provisions of **Article 9.10** of the Plan are hereby approved in their entirety. The Debtors and the Reorganized Debtors, as applicable, expressly reserve all rights to prosecute any and all of their respective Causes of Action against any Person, except as otherwise expressly provided in the Plan. Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all of their respective Causes of Action for later adjudication.

10.     <u>Sources of Consideration for Plan Distributions</u>**.**   The funds to be used for the payment of Claims or other Distributions to be made under the Plan will come from the Reorganized Debtors' operations.

11.     <u>Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. On the Effective Date, the Assumed Contracts identified on **Exhibit A** to the Plan shall be assumed by the Reorganized Debtors and shall vest in and be fully enforceable by the Reorganized Debtors, except as modified by the provisions of the Plan.  The Cure Claims identified on the list, modified to reflect a Cure Claim of $25,198.62, which was originally attached to the Plan as **Exhibit A** shall be paid by the Reorganized Debtors as Cure Claims via six (6) equal monthly payments as identified in the Debtors' Amended Final Projections in accordance with the

Plan and this Confirmation Order. The Cure Claims as modified by parties' agreement to $25,198.62, are in full and final satisfaction of all obligations and are full compensation to the counterparties for any pecuniary losses under such contracts or leases pursuant to Bankruptcy Code § 365(b)(1) under the respective Assumed Contracts as of the Effective Date. On the Effective Date, with respect to the Assumed Contracts, all applicable requirements of Bankruptcy Code § 365 have been met, including the requirement that all defaults be cured and that adequate assurance of future performance be provided. As of the Effective Date, the Debtors and the Reorganized Debtors (as applicable) shall be relieved and discharged from any liability whatsoever, whether arising before or on the Effective Date, under the Assumed Contracts to satisfy Cure Claims listed in **Exhibit A** to the Plan as modified in accordance with this Confirmation Order.

12.     Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the counterparty to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract constitute unenforceable anti-assignment provisions that are void and of no force or effect. On the Effective Date, (a) the Assumed Contracts shall remain in full force and effect in accordance with their respective terms and (b) no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice or both would constitute such a default.

13.     Pursuant to §§ 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Reorganized Debtors or any other of the Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to such Assets prior to the Effective Date.

14. Except to the extent (a) the Debtors previously assumed or rejected an executory contract or unexpired lease, or (b) prior to the Effective Date, the Bankruptcy Court has entered an Order authorizing the assumption, and (if applicable) assignment, of an executory contract or unexpired lease, all of the Debtors' executory contracts and unexpired leases shall be deemed rejected on the Effective Date pursuant to Bankruptcy Code §§ 365 and 1123.

15. <u>Rejection Claims.</u> All Claims, if any, arising out of the rejection of executory contracts and unexpired leases by the Debtors shall be classified as General Unsecured Claims and are not entitled to receive any Distributions under the Plan. The Reorganized Debtors shall not have any liability or responsibility for any liability of the Debtors arising under or related to any Claim arising out of the rejection of executory contracts and unexpired leases

16. <u>Legal Binding Effect</u>. The provisions of the Plan shall bind all holders of Claims and Interests and their respective successors and assigns, whether or not they accepted the Plan.

17. <u>Discharges, Releases, and Injunctions</u>. The discharge and injunctions, moratoriums, and limitations of liability set forth in the Plan, including in <u>Article XII</u> of the Plan, are approved and authorized with agreed modifications as reflected here:

**EXCEPT AS OTHERWISE PROVIDED IN THIS CONFIRMATION ORDER OR THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL HOLDERS OF CLAIMS SHALL BE AND ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH CLAIM AGAINST THE REORGANIZED DEBTORS OR THE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ON ACCOUNT OF ANY CLAIM BY ANY MANNER OR MEANS, ANY**

JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED DEBTOR OR THE ASSETS EXCEPT PURSUANT TO AND IN ACCORDANCE WITH THE PLAN; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST EITHER THE ASSETS OR REORGANIZED DEBTORS; (D) ASSERTING ANY CONTROL OVER, INTEREST, RIGHTS OR TITLE IN OR TO ANY OF THE ASSETS EXCEPT AS PROVIDED IN THE PLAN; (E) ASSERTING ANY SETOFF OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE THE REORGANIZED DEBTORS AS ASSIGNEE, EXCEPT UPON LEAVE OF THE BANKRUPTCY COURT OR EXCEPT AS AUTHORIZED BY SECTION 553 OF THE BANKRUPTCY CODE; AND (F) PERFORMING ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN; PROVIDED, HOWEVER, THAT THIS INJUNCTION SHALL NOT BAR ANY CREDITOR FROM ASSERTING ANY RIGHT GRANTED PURSUANT TO PLAN; PROVIDED, FURTHER, HOWEVER, THAT EACH HOLDER OF A CONTESTED CLAIM SHALL BE ENTITLED TO ENFORCE ITS RIGHTS UNDER THE PLAN, INCLUDING SEEKING ALLOWANCE OF SUCH CONTESTED CLAIM PURSUANT TO THE PLAN.

NOTHING IN THE PLAN AFFECTS THE SETOFF RIGHTS HELD BY THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND THE TEXAS WORKFORCE COMMISSION.

18.     The immediately preceding language in bold supersedes and replaces any language in the Plan that provided for any injunction to prevent actions or claims against non-bankrupt persons or entities, including co-obligors, which language is, for the avoidance of doubt, removed.

19.     <u>Insurance</u>. Notwithstanding anything to the contrary in this Confirmation Order or the Plan, neither the releases set forth in the Plan nor confirmation and consummation of the Plan shall have any effect on insurance policies of the Debtors or their current or former directors and officers (including, but not limited to, director and officer liability policies to the extent that the Debtors or their current or former directors and officers have any rights under such policies) in which the Debtors or their current or former directors and officers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering or delaying coverage for the Debtors (or their current or former directors and officers) on any basis regarding or related to the Debtors' Bankruptcy Case, the Plan or any provision within the Plan, including the treatment or means of distribution set out within the Plan for insured Claims.

20.     <u>Exemption from Certain Taxes</u>. In accordance with Bankruptcy Code § 1146(a), none of the issuance, transfer or exchange of any securities under the Plan, the release of any mortgage, deed of trust or other Lien, the making, assignment, filing or recording of any lease or sublease, the transfer of title to or ownership of any of the Debtors' interests in any property, or the making or delivery of any deed, bill of sale or other instrument of transfer under, in furtherance of, or in connection with the Plan shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States. Federal, state and/or local governmental officials or agents shall forego the collection of any such tax or governmental

assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

21.    <u>Conditions to Effective Date.</u> The Plan shall not become effective unless and until the conditions set forth in Section 8.1 of the Plan have been satisfied.

22.    <u>Termination of the Reorganized Debtors and Closing of the Bankruptcy Case</u>. Upon (i) the adjudication by the Bankruptcy Court of all applications by professionals for final allowances of compensation for services and reimbursement of expenses and the issuance of a Final Order for each application and the payment of all amounts payable thereunder and (ii) the completion of all other matters in the Bankruptcy Case, the Reorganized Debtors shall seek authority from the Bankruptcy Court to close the Bankruptcy Case in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon the closing of the Bankruptcy Case and the completion of all matters required to be performed by the Reorganized Debtors under the Plan and applicable law other than dissolution, the Reorganized Debtors shall be dissolved or otherwise consolidated without the need for further action (*i.e.*, without the need to file a certificate of dissolution or merger with or take any other action with respect to or receive any approval or any governmental authority that would ordinarily be required under applicable law to dissolve or implement the termination of the legal existence of, or consolidate, the Reorganized Debtors); *provided, however*, that notwithstanding the foregoing, the Reorganized Debtors shall file a certificate of cancellation of their certificate of incorporation with the Secretary of State of the State of Texas in accordance with applicable state law.

## **Miscellaneous Provisions**

23.    <u>Bar Date for Administrative Expenses</u>.  Except as otherwise provided herein, the holder of any Administrative Expense, but not including a Professional Compensation and

Reimbursement Claim or a post-petition liability incurred in the ordinary course of business by the Debtors, must file with the Bankruptcy Court and serve on the Reorganized Debtors and their counsel an application seeking the allowance of such Administrative Expense within thirty (30) days after the Effective Date. Failure to timely and properly file an application as required herein shall result in the Administrative Expense being forever barred and discharged.

24. <u>Bar Date for Professional Compensation and Reimbursement Claims</u>. All professionals or other persons or entities requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, and 1103 of the Bankruptcy Code for services rendered before the Effective Date shall file and serve on the Reorganized Debtors an application for final allowance of compensation and reimbursement of expenses within thirty (30) days after the Effective Date. Any professional fees and reimbursements or expenses incurred by the Reorganized Debtors subsequent to the Effective Date will be paid by Reorganized Debtors and may be paid without application to the Bankruptcy Court.

25. <u>Reservation of Rights</u>. Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained therein or the taking of any action by the Debtors with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors of any kind, including with respect to the holders of Claims or Interests or as to any treatment or classification of any contract or lease.

26. <u>Notice of Effective Date</u>. On or before five Business Days after the occurrence of the Effective Date, the Reorganized Debtors shall mail or cause to be mailed to all holders of Claims, Interests, and all other parties on the master service list via first class United States mail, postage prepaid, a notice that informs such Persons of (a) the entry of the Confirmation Order,

(b) the occurrence of the Effective Date, and (c) such other matters as the Reorganized Debtors deems appropriate or as may be ordered by the Bankruptcy Court.

27.  <u>Waiver or Estoppel</u>.  Each Holder of a Claim or an equity Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or equity Interest should be Allowed in a certain amount, in a certain priority, Secured, or not subordinated, by virtue of an agreement made with the Debtors or their counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers filed with this Court prior to the Confirmation Hearing.

28.  <u>Non-Occurrence of Effective Date</u>.  If the Effective Date does not occur on or prior to 120 days after the Confirmation Date, then (a) the Plan shall be null and void in all respects, (b) settlements or compromises embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of executory contracts or unexpired leases affected by the Plan, and any documents or agreements executed pursuant to the Plan, shall be deemed null and void, and (c) nothing contained in the Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors or any other Person, (ii) prejudice in any manner the rights of the Debtors or any other Person, or (iii) constitute an admission of any sort by the Debtors or any other Person.

29.  <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

30.  <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court,

such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

31.     Applicable Non-Bankruptcy Law.  Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

32.     Modification of the Plan Prior to Substantial Consummation.     After the Confirmation Date and prior to the Effective Date of the Plan, the Debtors may, under Bankruptcy Code § 1127(b), (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim, (ii) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Confirmation Order, and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Interests under the Plan; provided, however, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

33.     Conflicts between Plan and Confirmation Order.  If there is any conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

34. <u>Severability of Plan Provisions</u>. Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

35. <u>Retention of Jurisdiction</u>. This Bankruptcy Court's retention of jurisdiction as set forth in **<u>Article X</u>** of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order.

36. <u>Nonseverable and Mutually Dependent</u>. The provisions of this Confirmation Order are nonseverable and mutually dependent.

37. <u>Recordable Form</u>. This Confirmation Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental authority for filing and recording purposes without further or additional orders, certifications or other supporting documents. Further, the Bankruptcy Court authorizes the Debtors or the Reorganized Debtors, as applicable, to file a memorandum of this Confirmation Order in any appropriate filing or recording office as evidence of the matters herein contained.

# # # END OF ORDER # # #